IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAISA PROKOS,**

      **Plaintiff,**

  vs.                                        **Civil Action 2:07-CV-674**
                                                          **Magistrate Judge King**
**NICKOS PROKOS,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

      This action was originally filed in the Court of Common Pleas for Athens County, Ohio. Counts I - IV, VI, VIII and X assert claims of fraudulent conveyance relating to various parcels of real property allegedly sold to Barry Kucik, Barry M. Kucik, P.A., Kathy Kucik and the Kucik Revocable Living Trust through the efforts of Nikos Prokos, who is also named as a defendant to those claims. Counts V, VII, IX, and XI assert conversion claims and Count XII of the Complaint[1] asserts a federal claim under the Truth in Lending Act, 15 U.S.C. §1638, against these defendants. Count XIII[2] asserts a claim of legal malpractice, breach of fiduciary duty and conversion against William R. Biddlestone, Jr., ["Biddlestone"] and certain professional associations with which Biddlestone has been affiliated [collectively "the Biddlestone defendants"]. Count XIV[3] asserts a claim of unjust enrichment against the Biddlestone defendants and defendant Michelle Biddlestone.

---

[1] The *Complaint* erroneously refers to Count XII as "Count XI."

[2] The *Complaint* erroneously refers to Count XIII as "Count XII."

[3] The *Complaint* erroneously refers to Count XIV as "Count XIII."

With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on a number of pending motions.

**Motion to Substitute**, **Doc. No. 25**

The original *Complaint* was filed in the name of Laisa Prokos ['the decedent"], who died on June 29, 2005. The motion for leave to substitute the Estate of Laisa Prokos ["the plaintiff"] as the proper party plaintiff, Doc. No. 25, which is unopposed, is **GRANTED**.

**Motion to Consolidate, Doc. No. 22**

Plaintiff asks that this action be consolidated with a related action also removed to this Court from the Athens County Court of Common Pleas, *Prokos v. Hines, et al.*, C-2-07-669. However, that action has been ordered remanded to the state court. C-2-07-669, Doc. No. 44. Under these circumstances, the Court concludes that the motion to consolidate is without merit and it is therefore **DENIED**.

**Motion to Dismiss, Doc. No. 14**

The *Complaint* alleges that Biddlestone was the decedent's attorney. *Complaint,* at ¶131. Biddlestone, it is alleged, received $49,000 in trust for the decedent but, subsequent to her death, improperly transferred that sum to Barry M. Kucik rather than to plaintiff. *Id.*, ¶¶134 - 35. It is also alleged that Biddlestone transferred a second sum of money, in the amount of $7,081.61, to Robert Shostak,[4] without either the consent or the approval of the executor of plaintiff. *Id.*,¶136. Count XIV asserts an unjust enrichment claim relating to the services of Biddlestone's wife, defendant Michelle Biddlestone, who was allegedly employed by Biddlestone to manage the decedent's real estate. *Id.*, ¶140. It is specifically alleged that Michelle Biddlestone had neither

---

[4]Robert J. Shostak is listed as counsel in this action for the Kucik defendants.

2

experience nor expertise in the management of rental property and that the decedent did not employ Biddlestone to manage her real estate. *Id.*, ¶¶141, 144-45. Amounts charged to the decedent and paid in connection with services rendered by defendant Michelle Biddlestone, plaintiff alleges, resulted in the unjust enrichment of defendant Biddlestone and Michelle Biddlestone. *Id.*, ¶146.

The Biddlestone defendants have moved to dismiss, pursuant to F.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment, pursuant to F.R.Civ.P.56. The Biddlestone defendants specifically contend that the legal malpractice claim is untimely, and that plaintiff cannot establish a claim of conversion or unjust enrichment.

**Standards**

*1. Motion to dismiss*

On a motion to dismiss under the provisions of F.R.Civ.P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964 - 65 (alteration in original).

Because a motion under rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983), the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the

plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *Roth Steel Prods.,* 705 F.2d at 155. The Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made or if, on the face of the complaint, there appears an insurmountable bar to relief. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

### *2. Summary judgment*

Where matters outside the pleadings are presented and not excluded by the Court, the motion to dismiss must be resolved by the standard governing summary judgment under F.R.Civ. P. 56, and all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." F.R.Civ. P. 12(d)(2007).

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. F.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 - 48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**Legal Malpractice Claim**

In Ohio, an action for legal malpractice accrues, and the statute of limitations begins to run, when the attorney-client relationship ends or when the client discovers – or in the exercise of reasonable diligence should have discovered – the damage or injury complained of, whichever occurs later. *See* O.R.C. §2305.11(A); *Smith v. Conley*, 109 Ohio St. 3d 141 (2006); *Omni-Food*

4

*& Fashion, Inc. v. Smith*, 38 Ohio St. 3d 385 - 88 (1988). The Biddlestone defendants maintain that the attorney-client relationship at issue in this action ended on June 29, 2005, upon the death of the decedent or on July 6, 2005, when plaintiff, acting through its attorney, informed Biddlestone that his services would no longer be required. *See Exhibit A,* attached to *Motion to Dismiss* ("Please be advised that the fiduciary has elected to hire other counsel to represent the Estate's interest and you are therefore relieved from any duties that you may have had concerning the affairs of Laiza [sic] Prokos."). Because the *Complaint* in this action was filed on June 15, 2007, the Biddlestone defendants take the position that the legal malpractice claim is untimely.

In its response to the motion, *Memorandum contra*, Doc. No. 21, plaintiff addresses only the allegations surrounding the alleged improper disposition of the $49,000. Plaintiff does not deny that the attorney-client relationship ended, at the latest, on July 6, 2005. Plaintiff does contend, however, that the transfer of the $49,000 to defendant Barry Kucik was not discovered by plaintiff until December 5, 2006, when Biddlestone was deposed: "This is the time that the Estate was put on notice that Biddlestone had transferred the $49,000 to Kucik at Kucik's request." *Id.,* p. 4, Doc. No. 21.

The Ohio Supreme Court has held that the discovery rule that serves to toll the running of the statute of limitations relates to the discovery of *facts*, not the legal significance of those facts. *Flowers v. Walker*, 63 Ohio St. 3d 546, 549 (1992)("[T]he 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies."). This Court concludes that the plaintiff was on such notice of this claim as of July 6, 2005. On that date, Biddlestone, responding to plaintiff's demand for the return of the $49,000 made in the letter from plaintiff's attorney, stated that he was "unable to comply with the

5

terms of the letter at this time." *Exhibit D*, attached to *Motion to Dismiss*. Certainly, upon its receipt of that letter, plaintiff knew that the $49,000, to which plaintiff apparently believed it was entitled, would not be returned to it by Biddlestone.[5] That fact was sufficient to put plaintiff on notice that further inquiry was warranted.[6]

Because the *Complaint* was filed more than one year after the relevant date, the legal malpractice claim is, under the circumstances, untimely.

**Conversion Claim**

The *Complaint* asserts a claim of conversion by reason of the failure of the Biddlestone defendants to transfer the $49,000 and the $7,081.61 to plaintiff. In the *Motion to Dismiss*, the Biddlestone defendants contend that the funds did not belong to the decedent or to plaintiff at the time Biddlestone made those funds available to defendant Kucik.

The *Complaint* expressly alleges that the $49,000 received by Biddlestone was "to be held in trust for" the decedent. *Complaint*, ¶133. Although the *Complaint* fails to expressly allege that the $7,081.61 was held in trust for the decedent or plaintiff, *see Complaint*, ¶136, the Court construes the *Complaint* as implicitly alleging as much and was sufficient to put the Biddlestone defendants on notice of the nature of plaintiff's claim in this regard.

Under Ohio law, if funds are held in a fiduciary capacity, the disposition of such funds in a manner inconsistent with a plaintiff's beneficial interest can give rise to a claim for conversion. *Central Benefits Mut. Ins. Co. v. RIS Admrs. Agency, Inc.*, 93 Ohio App. 3d 397, 402-03 (10th Dist. Ct. App. 1994).

---

[5] Biddlestone disputes that plaintiff was entitled to either sum.

[6] As noted *supra*, plaintiff makes no argument that application of the discovery rule serves to extend the statute of limitations as it may relate to the $7,081.61.

To the extent that the *Motion to Dismiss* is resolved merely by reference to the standards of Rule 12(b)(6), the Court concludes that plaintiff has adequately asserted a claim of conversion. To the extent that the *Motion to Dismiss* is resolved by reference to the standards of Rule 56, the Court concludes that there exist genuine issues of material fact relating to plaintiff's legal right to the funds at issue and that summary judgment on plaintiff's conversion claim is unwarranted.

**Unjust Enrichment**

The *Complaint* alleges that defendant Michelle Biddlestone charged the decedent $30.00 per hour and was paid[7] although she had neither prior experience nor expertise in management of real estate. Nowhere does the *Complaint* allege that defendant Michelle Biddlestone failed to perform services for the decedent.

In order to recover on a claim of unjust enrichment, the claimant must demonstrate "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) the retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984). A claim for unjust enrichment "rests upon the equitable principle that one shall not be permitted to unjustly enrich himself at the expense of another without making compensation therefor." *National City Bank v. Fleming*, 2 Ohio App. 3d 50, 57 (8th Dist. Ct. App. 1994).

The *Complaint* does not allege that services were not performed or, indeed, even that

---

[7]Plaintiff characterizes the record as inconsistent in that Biddlestone asserted in his affidavit that his wife was paid $10.00 per hour for her services to the decedent, *see Affidavit of William Biddlestone,* ¶12, attached to *Motion to Dismiss,* but testified on deposition that her services were billed at $30.00 per hour, *Deposition of William Biddlestone,* p. 30. The Court perceives no inconsistency in this regard. It is not unusual that the services of an employee of a law firm would be billed at a rate higher than the rate at which the employee is paid.

7

the decedent received no benefit from services performed by defendant Michelle Biddlestone. Under these circumstances, the Court concludes that the *Complaint* fails to allege a claim of unjust enrichment upon which relief can be granted.

**Plaintiff's Request for Extension under F.R.Civ.P. 56(f)**

In the *Memorandum contra*, plaintiff asks for an extension of time in which to further respond to the *Motion to Dismiss*, in order to enable plaintiff to complete the depositions of Michelle Biddlestone and Nikos Prokos. Under F.R.Civ.P. 56(f), a party may seek a continuance to obtain additional information upon the filing of an affidavit that "indicate[s] to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)(citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3d Cir. 1989)).

The affidavit submitted in support of plaintiff's request, *Affidavit of Jeffery L. Finley,* attached to *Memorandum contra*, states only that, because the decedent's testimony is unavailable, "Plaintiff is unable to respond to the Defendant's [sic] motion by way of corresponding affidavit. The only way to respond to the motion is by taking the depositions of Williams Biddlestone, the partners in Biddlestone, Winklemann, Bradford and Baer, Co., L.P.A., and Michelle Biddlestone." *Id*, ¶4. This affidavit is wholly insufficient in its general and conclusory statements, in its failure to specify how the anticipated depositions would likely produce information related to the *Motion to Dismiss*, and why the depositions have not, to date, been completed.

In any event, however, the Court has resolved the *Motion to Dismiss,* for the most part, without resort to materials outside the pleadings. Although the Court, in considering the timeliness of the legal malpractice claim, considered the exchange of correspondence between

8

plaintiff's attorney and Biddlestone, there is no reason to believe that plaintiff requires additional discovery in this regard or that the depositions contemplated by plaintiff would enable it to more fully respond to defendants' motion.

The Court therefore concludes that plaintiff's request for an extension of time to further respond to the *Motion to Dismiss* is without merit.


**WHEREUPON** plaintiff's motion to substitute, Doc. No. 25, is **GRANTED.** The Estate of Laisa Prokos is **SUBSTITUTED** as the plaintiff in this action.  Plaintiff's motion to consolidate, Doc. No. 22, is **DENIED.**  The motion to dismiss or for summary judgment, Doc. No. 14, is **GRANTED** in part and **DENIED** in part.  The claim for legal malpractice is **DISMISSED** as untimely, and the claim for unjust enrichment is **DISMISSED,** by reference to the standard s of F.R.Civ.P. 12(b)(6), as insufficient.  Defendant Michelle Biddlestone is **DISMISSED** as a defendant.  As the motion to dismiss relates to the claim against the Biddlestone defendants for conversion, the motion is **DENIED**.


March 17, 2008                                                                     *s/Norah McCann King*
                                                                                               Norah McCann King
                                                                                       United States Magistrate Judge

9